**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CLAY A. CORNETT,

    Plaintiff,

vs.                                                                                       CASE NO. 3:12-cv-233-J-32TEM

LENDER PROCESSING SERVICES, INC.,

    Defendant.
_____

**O R D E R**

This case came before the Court on October 2, 2012 for a hearing[1] on Plaintiff's Emergency Motion to Quash Third Party Subpoenas (Doc. #35, Motion to Quash). Defendant Lender Processing Services' Unopposed Alternative Motion to Extend Discovery Deadline (Doc. #33, Alternative Motion to Extend Discovery), the Joint Motion to Extend Time to Conduct Mediation and to Appoint Substitute Mediator (Doc. #38, Motion for Mediation Changes), and Defendant Lender Processing Services' Motion to Extend Case Management Deadlines (Doc. #30, Motion to Enlarge Deadlines) were also discussed at the hearing. Counsel for both sides were present and provided oral argument in support of their clients' positions.

Prior to the hearing, the Court had reviewed and considered the parties' requests and the written authority. During the course of the hearing, the Court granted the Alternative Motion to Extend Discovery and the Motion for Mediation Changes (*see* Oral

---

[1] The non-transcribed recording of the hearing is hereby incorporated by reference. The parties may contact the Courtroom Deputy of the undersigned if a transcript of the hearing is desired.

Orders, Docs. #43, #44).  The Motion to Enlarge Deadlines was subsequently found to be moot (*see* Doc. #46), in light of Defendant's notice of withdrawal of the motion (Doc. #45).

At the onset of the hearing, the Court noted it was without authority to quash any subpoena issued by another court.  *See* Fed. R. Civ. P. 45(c)(3)(A).  Seven of the eight contested subpoenas were issued by courts other than the Middle District of Florida.  The Court also questioned Plaintiff's standing to challenge the issued subpoenas.  Conceding that this Court has no authority to quash subpoenas issued by another court, counsel for Defendant stated Defendant purposely elected not to raise that argument and requested the Court construe the Motion to Quash as a motion for protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. In the Motion to Quash, Plaintiff's counsel sought consideration of a protective order as alternative relief.  During the hearing, Plaintiff's counsel reiterated this request.

The Court agreed to take the Motion to Quash, construed as a motion for a protective order, under advisement pending the outcome of the rescheduled mediation conference.  Mediation was held on October 12, 2012.  On October 29, 2012, the Mediation Report (Doc. #48) was filed advising the parties reached an impasse during the mediation conference.

As a general matter, the Court notes parties may seek alternative relief under Rule 26(c) to preclude the disclosure of information sought by subpoenas *duces tecum*.  *See, e.g., Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429-30 (2005); *Nathai v. Florida Detroit Diesel-Allison, Inc.*, No. 3:09-CV-1-J-20HTS, 2009 WL 2424570 (M.D. Fla. Aug. 5, 2009).  The Court has authority consider a motion to quash as

a motion for protective order. *Auto-Owners Ins. Co.*, 231 F.R.D. at 429 (citing *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 22 (D.D.C. 2005)). Although a party has no standing to challenge a non-party subpoena "unless a personal right or privilege as to the documents being sought is asserted," Plaintiff Cornett has standing to move for a protective order if the subpoenas seek irrelevant information.[2] *See Nathai*, 2009 WL 2424570 at *1; *Auto-Owners Ins. Co.*, 231 F.R.D. at 429.

Plaintiff argues, *inter alia*, that Defendant's subpoenas seek information that is unrelated to this case. Motion to Quash at 4-6. Claiming Plaintiff does not compete with Defendant, and asserting Plaintiff's clients continue to use Defendant's products, Plaintiff claims the only purpose for the subpoenas is to annoy or harass Plaintiff and burden Plaintiff's customers by going on a fishing expedition by seeking information that is of "no possible reference." Defendant counters that Plaintiff Cornett's deposition testimony establishes a reasonable basis for Defendant to inquire into the nature of Plaintiff's business and how Plaintiff's business may compete with Defendant's business.

Discovery is generally allowed "regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). The term relevant is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case." *Auto-Owners Ins. Co.*, 231 F.R.D. at 430 (internal citations omitted). For good cause shown, however, a

---

[2]During the October 2 hearing, Plaintiff's counsel stated Plaintiff was not claiming any privilege in the sought documents, but may have a privacy interest in the personnel records. When questioned about Plaintiff's clients having personnel records on Plaintiff, counsel stated Plaintiff worked as an independent contractor and indicated Plaintiff's clients may have personnel type records on Plaintiff.

court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c). "The party seeking a protective order has the burden to demonstrate good cause, and must make a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements supporting the need for a protective order. *Auto-Owners Ins. Co.*, 231 F.R.D. at 429 -430 (internal quotation marks and citation omitted).

The Middle District of Florida has previously held that financial records of third parties doing business with a party in a lawsuit may be discoverable by subpoenas to the third parties, but those subpoenas must be narrowly tailored. *See id.* In this case, the Court finds the business records of third parties doing business with Plaintiff could reasonably lead to evidence bearing directly on the defenses and the possible counterclaim in this action. Plaintiff has failed to establish good cause for a protective order for the information sought by the disputed third party subpoenas. Thus, Plaintiff's Motion to Quash (Doc. #35), construed as a motion for protective order under Rule 26(c) is **DENIED**.[3]

The entry of this Order does not speak to the potential objections that may be raised by the recipients of the disputed subpoenas.

The Court recognizes many business records are confidential and proprietary in nature. To the extent any documents have been produced pursuant to the disputed subpoenas *duces tecum*, in an abundance of caution, the Court finds good cause to order

---

[3]Although the substance of this order is devoted to consideration of Plaintiff's request under the good cause standard of Rule 26, the Court notes for the record that the request to quash the subpoenas under Rule 45 is also denied. Plaintiff failed to establish standing to challenge the subpoenas in question.

those documents remain confidential to this litigation, subject to further review upon the request of either party.

      **DONE AND ORDERED** at Jacksonville, Florida this 29th day of October, 2012.

Copies to all counsel of record

THOMAS E. MORRIS
United States Magistrate Judge